# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>vs.<br><br>RAYMOND JOHN MARTINEZ, JR.<br>   a/k/a "Boya," and<br>JUANITA MARIE QUITUGUA MOSER MARTINEZ,<br><br>        Defendants. | CRIMINAL CASE NO. 22-00019<br><br>**ORDER**<br>Granting in Part Defendant Raymond Martinez's Motion to Seal |

On March 17, 2023, Defendant Raymond John Martinez, Jr. ("Defendant R. Martinez") filed an Opposition to Motion for Protective Order; Cross Motion to Unseal Indictment and Amended Plea Agreement (the "Opposition/Cross Motion"). The Opposition/Cross Motion has the words "FILED UNDER SEAL" by the caption and was brought over the counter and the Clerk's Office for filing.

On March 20, 2023, the Defendant R. Martinez electronically filed a Motion to Seal,[1] which sought permission to file his Opposition/Cross Motion under seal because it "references a person and the prosecution of such person that involves records the government states have been sealed." Mot. Seal, ECF No. 52.

In the Ninth Circuit, there is a "strong presumption in favor of access to court records" in both civil and criminal actions, which can only be overridden if there are "sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003);

---

[1] Defense counsel is cautioned that all future motions to seal and documents related thereto must be conventionally filed over the counter in the Clerk's Office and not electronically filed.

*see also Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (a motion to seal documents which are part of the judicial record is governed by the "compelling reasons standard"). A party seeking to seal court proceedings or documents can overcome the presumed right of public access under the First Amendment "only if three substantive requirements are satisfied: (1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *See Oregonian Publ'g Co. v. U.S. Dist. Court*, 920 F.2d 1462, 1466 (9th Cir. 1990); *see also Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-1179 (9th Cir.2006) (to satisfy the compelling reasons standard, a party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure). The party seeking to seal a judicial record bears the burden of meeting the "compelling reasons standard ." *See Kamakana*, 447 F.3d at 1178.

In this case, much of what is contained in the Opposition/Cross Motion is analysis of case law, which should not be shielded from the public's access. However, the Opposition/Cross Motion also references a document that was ordered sealed in *United States v. John T. Mantanona a/k/a "Boom,"* Criminal Case No. 19-00027, a copy of which is also attached as Exhibit B to the Opposition/Cross Motion.[2] The assigned judge in the *Mantanona* case found compelling reasons to seal said document, and this court is not prepared to undo such decision without further briefing on the Cross Motion.

///
///
///
///
///
///
///

---

[2] Exhibit A to the Opposition/Cross Motion is not a sealed document.

Accordingly, the court grants Defendant R. Martinez's Motion to Seal in part. The court orders that the original Opposition/Cross Motion be filed under seal, *nunc pro tunc* to March 17, 2023. The court further orders Defendant R. Martinez to file a redacted version[3] of the Opposition/Cross Motion with the Clerk's Office no later than March 21, 2023, at 3:00 p.m., which redacted version will be available to the public.

IT IS SO ORDERED this  20th  day of March, 2023.

_____
HEATHER L. KENNEDY
U.S. Magistrate Judge

---

[3] The redacted version shall redact all references in the Opposition/Cross Motion that discusses the nature and contents of the sealed document, including Exhibit B.